## Staunton.

E. M. GILLY v. C. W. BONDURANT, RECEIVER OF
UNITED COLLIERIES, INC.

September 22, 1927.

MINES AND MINERALS—*Exception in Grant of Mineral Rights—Certain
Land Around Houses "Not to be Mined so as to Injure the Surface"—
Exception Held not to be of Minerals Under the Surface but Merely to
Prohibit Injury to the Surface.*—A deed conveying all the coal, minerals
and oil under a certain tract of land, which was carefully described
by metes, bounds, courses and distances, "excepted" ten acres
around one house on the tract and fifteen acres around two other
houses on the tract, which was "not to be mined so as to injure the
surface" of the twenty-five acres so reserved. There was also con-
veyed to the grantee the fullest mining rights, including the right
to enter, use, excavate, fell trees, etc., and to disturb the surface in
the proper exercise of his mining rights.

Held: That the surface of all the tract was retained, that the grantee
was given the fullest mining rights on all the tract except the twenty-
five acres mentioned in the reservation, that the title to the minerals
in this twenty-five acres vested in the grantee, but he was forbidden
to exercise his mining rights so as to injure the surface, and that a
subsequent grantor of five acres of the twenty-five acres had no
title to the coal under the five acres.

Error to a judgment of the Circuit Court of Lee
county, in a proceeding by motion for a judgment for
money. Judgment for plaintiff. Defendant assigns
error.

*Affirmed.*

The opinion states the case.

*John W. Chalkley,* for the plaintiff in error.

*R. T. Irvine* and *Pennington & Cridlin,* for the de-
fendant in error.

PRENTIS, P., delivered the opinion of the court.

Bondurant, receiver, upon a motion for judgment, has recovered of Gilly, defendant, the amount claimed, $727.78, with interest and costs. The defendant is here assigning error. He admits the accuracy and justice of the claim against him which had accrued as royalty due for coal which he had mined on land sublet to him by the receiver. He claimed, however, that the plaintiff was also indebted to him in a much greater amount, and filed his plea of setoff under Code, section 6144. He alleged therein that he was the owner of a five-acre tract of valuable coal land adjoining a tract of coal land leased by the receiver; that in and under his defendant's land there had been a large quantity of valuable coal, 23,000 tons, which he alleged was worth $23,000.00, which he averred the plaintiff receiver, without any right, title or legal claim, had mined, removed and converted to his own use, realizing profits therefrom, thereby creating an indebtedness to the defendant which he offered to set off and allow against the plaintiff's claim; and he prayed judgment over against the plaintiff for the remainder.

Upon the issue thus raised there was a jury trial, a verdict for $4,000.00 in favor of the defendant subject to a credit for the plaintiff's claim. This verdict was set aside by the court, and there was a final judgment entered in favor of the plaintiff. Whether or not the defendant established his offset, then, is the question presented.

It is shown that the plaintiff receiver has mined the coal under the five acres claimed by the defendant, but the plaintiff claims that he is vested with complete title to such coal, and that defendant never owned any such mining rights as he claims in the land.

Both litigants claim from a common source. Such title as either possesses is derived from a common grantor, Anthony Witt, who once owned all of the land and mineral rights therein which are here asserted. By deed dated March 17, 1887, Anthony Witt and wife, N. H. Harris and wife and G. W. Jones and wife conveyed to F. A. Stratton, in consideration of fifty cents per acre, "all the coal and other minerals and oil in, upon and under a certain tract of land situated in Lee county, Virginia, on the waters of Bailey's Trace creek, and bounded as follows, to wit,   *   *." Then there is a careful description by metes and bounds, courses and distances, which is followed by this language, the construction of which is here involved:   "* * and out of this conveyance there is excepted ten acres around the house of N. H. Harris, and also fifteen acres around the houses of James and Anthony Witt including the little bottom below said Anthony Witt's house which is not to be mined so as to injure the surface of said twenty-five acres so reserved containing 415 acres, leaving 390 acres, more or less, and said Anthony Witt and Lurinda, his wife and others, also grants and conveys unto the said Stratton, heirs and assigns, the right to enter upon said tract of land and excavate, mine, prepare for market and remove said coal and other minerals and oil and to construct and operate all such wagon roads, railroad and tramways as may be necessary for the successful mining of said coal and other minerals and oil, and the privilege of using such timber, except poplar and walnut, on said tracts of land as is necessary for the construction of said roads and ways as said Stratton, his heirs and assigns, may build and for all mining purposes, together with all other mining privileges, the said A. Witt and wife and others reserving the right to dig and use

coal for domestic purposes on the premises." Then there is an acknowledgment of the receipt of part of the purchase money, the statement that the balance due is to be paid in three months, reservation of a vendor's lien therefor, and the usual covenants of title. The mining rights of the grantee, Stratton, under that deed are now in the United Collieries, Incorporated, of which Bondurant is receiver. The defendant has succeeded to all of the legal rights which the grantors retained in five acres, part of the ten acres described as "ten acres around the house of N. H. Harris * * * which is not to be mined so as to injure the surface," etc.

The plaintiff receiver contends that the clause of the deed undertaking to make the exceptions is so indefinite that their area cannot be defined or located; and that even if they could be located, the exception does not apply to or include the coal under the excepted area, which is here claimed by the defendant, Gilly, but only to its surface, which could not be "injured" or disturbed, thus relieving the excepted areas merely from the servitude so clearly imposed upon the surface of the residue of the land.

This deed, then, which is the basis of the claims of both litigants, must be construed.

It is observed, first, that this deed expressly conveys all the coal and other minerals to the grantee. No more comprehensive words to express the intention to vest the grantee with complete title to the subject of the conveyance, the coal and minerals, could have been used. The land under which these minerals were imbedded was described by its outer boundaries, and therefore included the entire acreage embraced within that area so carefully defined, unless the obvious meaning of the language used is to be ignored. Was

this all-embracing transfer of these mineral rights intended to be curtailed by the exceptions? If so, we should be able to discover that intent expressed in some apt language expressive of such a purpose, so as to limit the previous express grant. What, then, is the language so relied on by the defendant? It has been fully quoted. What is stated to be thereby excepted? If the title to the minerals or any part thereof so previously granted were in the minds of the parties, we should certainly expect to find some language indicating this. We, however, find no such expression. On the contrary, we find that the prevention of injury to the surface of the excepted area, and not the reservation of the minerals beneath it, is the motive for and the expressed reason for the reservation or exception. Having indicated the general location of the excepted areas, it is stated that this area "is not to be mined so as to injure the surface" of said area. This does not prohibit mining, but undertakes to prohibit injury to the surface only, and by implication confirms the right to mine beneath the surface, but so as not to injure it.

Reading the whole instrument, the intention is expressed in language so clear as to admit of but one construction. The title to all of the surface was retained, but upon 390 acres of the whole tract the grantee was given the fullest mining rights, including the right to enter, use, excavate, fell trees, build railroads, wagon roads, etc., and to disturb the surface in the proper exercise of his mining rights, while upon the twenty-five acres he was forbidden to exercise his mining rights so as to "injure the surface."

Our conclusion, then, is that the defendant had no title to the coal which was under the five acres, but that it, together with all the other minerals thereunder, passed to Stratton, the grantee in the original convey-

ance referred to, under whom the receiver claims, and that the judgment in his favor is plainly right. When the trial court instructed the jury otherwise, to the effect that the coal and other minerals and mining rights claimed by the defendant were reserved in the original conveyance, that they did not pass to the grantee, Stratton, or to his assigns, it committed error which resulted in the verdict for the defendant.

Upon the motion for a new trial, the court perceived its error and corrected it by setting aside the verdict and entering judgment for the plaintiff. No other proper judgment could have been entered.

These being our views, and the issue raised having been properly determined, we think it unnecessary to discuss whether the language of the deed is sufficiently explicit to define or locate the excepted area in which the grantor, Witt, sought to preserve the surface from injury through the exercise, by the grantee or his assigns, of his mining rights.

*Affirmed.*